UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 18 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

LEE HUDSON,

    Defendant.

Criminal No. 07-082
ESH/DAR

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

### I. INTRODUCTION

Defendant is charged by indictment with unlawful possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(iii). A detention hearing was conducted by the undersigned United States Magistrate Judge on April 11, 2007.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v.

United States v. Hudson                                                                                                  2

Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed, or an offense under 924(c) of Title 18. 18 U.S.C. § 3142(e). An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142. See United States v. Vargas, 804 F.2d 157,

United States v. Hudson                                                                                              3

163 (1st Cir, 1986); <u>United States v. Suppa</u>, 799 F.2d 115, 117 (3rd Cir. 1986); <u>United States v. Mosuro</u>, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III. DISCUSSION

Both the government and the Defendant proceeded by proffer. Counsel for the government proffered that Defendant was arrested at a safety checkpoint for driving with no permit. After his arrest, the Defendant was searched and the arresting officers found 90 grams of a white rock-type substance in a plastic bag along with a few empty plastic bags. The white rock-type substance field-tested positive as cocaine. The officers also found a bag containing 100 empty ziplock bags. Counsel for the government proffered that the amount of crack cocaine found on the Defendant, along with the empty ziplock bags, shows that he had the intent to distribute the crack cocaine. Counsel for the government argued that Defendant is a danger to the community not only because of his intent to distribute crack cocaine, but also because of his two prior convictions, one which was for assault with a dangerous weapon.

Government counsel also sought pretrial detention on the ground that Defendant is a flight risk. Counsel for the government proffered that Defendant was on supervised release for assault with a deadly weapon with intent to do bodily harm at the time of his arrest, and that he has had no contact with his Probation Officer in Virginia since being released from prison on November 21, 2006. Counsel for the government further proffered that Defendant's address and current employer have not been verified.

Defendant offered no evidence. Through counsel, Defendant proffered that he is currently living with his family and is working two jobs, giving half of his income to his family. Defendant also proffered that he is not a danger to the community, and that his conviction for

United States v. Hudson                                                                                                4

assault with a dangerous weapon occurred ten years ago. Defendant further proffered that he did not report to his Probation Officer because upon his release from prison, he was told that the criminal matter was over, and he therefore thought that he did not have to report to anyone anymore. Defendant, through his counsel, asked that he be released pending trial on the condition of electronic monitoring, or subject to the condition that he report to the Pretrial Services Agency regularly.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds that counsel for the government has not met the burden to show by "clear and convincing evidence" that no condition of release or combination of conditions would reasonably assure the safety of the community. However, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure Defendant's appearance. First, the nature and circumstances of the offense charged indicate that Defendant was actively engaged in the distribution of significant quantities of cocaine base.

Second, the undersigned finds, upon consideration of the evidence proffered by the government, that the weight of the evidence against Defendant is compelling.

Third, while Defendant's counsel proffered that Defendant's address and employment had been verified, other circumstances relevant to Defendant's history and characteristics militate against pretrial release. Of particular significance is that at the time of the instant offense, Defendant was on supervised release for assault with a deadly weapon with intent to do bodily harm, and had not reported to the Probation Office since his release from custody on November 21, 2006.

Finally, the undersigned is satisfied that the toll which trafficking in cocaine base has

United States v. Hudson                                                                                   5

taken and continues to take upon this community is well-documented and need not be repeated here. The undersigned finds that evidence of defendant's significant involvement in the distribution of cocaine and failure to report to the Probation Office while on supervised release demonstrates that he is not amenable to community supervision.

The undersigned finds that defendant's proffer, while arguably sufficient to rebut the presumption of dangerousness, is wholly insufficient to rebut the presumption of fugitivity, see United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985), or the direct evidence thereof.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the April 11, 2007 Order of Detention.

*[signature]*
DEBORAH A. ROBINSON
United States Magistrate Judge

  April 18, 2007  
     DATE


  April 11, 2006  
   NUNC PRO TUNC