UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-082 (ESH) |
| ) | |
| LEE OTIS HUDSON ) | |
| ) | |

MOTION TO SUPPRESS EVIDENCE,
INCORPORATED MEMORANDUM IN SUPPORT THEREOF, AND
REQUEST FOR EVIDENTIARY HEARING

Lee Hudson, by his attorney, Rita Bosworth, Assistant Federal Public Defender, respectfully moves this court to suppress physical evidence, statements, and any other tainted evidentiary "fruits" resulting from the investigation, searches, and arrest in this case. This motion is made pursuant to FED. R. CRIM. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

STATEMENT OF FACTS[1]

Mr. Hudson was charged, in a one-count indictment filed March 22, 2007, with Unlawful Possession with Intent to Distribute 50 grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1).

According to the law enforcement reports filed in this case, on March 8, 2007, MPD Officers Juandria Duncan and Robert Elliot were on routine patrol conducting a "safety compliance check" at 400 17th Street NE in Washington, D.C. They allege that they stopped Mr. Hudson's car and asked for his license, registration, and insurance. When Mr. Hudson failed to

---

[1] This statement of the facts is a summary based on the PD 163, 251, and 252 provided as discovery in this case. By including in this motion the facts as alleged by government witnesses, Mr. Hudson does not in any way concede that these facts are accurate or true.

produce a license, the officers searched him. The police claim to have found a plastic bag of cocaine base and five small ziplock bags near his waist area. Mr. Hudson was then arrested and taken into custody. The officers allege that after Mr. Hudson was in custody, he gave one of the officers an additional 100 plastic bags. They also allege that upon handing the bags to the officer, Mr. Hudson stated: "Can you get rid of these since I give 'em to you."

## ARGUMENT

**I. THE PHYSICAL EVIDENCE RECOVERED ON MARCH 8, 2007, MUST BE SUPPRESSED AS THE TAINTED FRUIT OF AN ILLEGAL SEARCH AND SEIZURE.**

The Fourth Amendment of the United States Constitution requires that all searches and seizures be based on individualized suspicion of wrongdoing. Terry v. Ohio, 392 U.S. 1 (1968). The Supreme Court has established that stopping a car at a vehicle checkpoint constitutes a seizure within the Fourth Amendment. Indianapolis v. Edmond, 531 U.S. 32, 40 (2000). It has recognized very limited circumstances under which such checkpoints are Constitutionally permissible. See United States v. Martinez-Fuerte, 428 U.S. 543, 556 (1976) (upholding vehicle checkpoints near the border for the express purpose of intercepting illegal aliens); Michigan Dep't of State Police v. Sitz, 496 U.S. 444, 450 (1990) (upholding roadblocks aimed specifically at apprehending drunk drivers). The Court has made clear, however, that when the primary purpose of a checkpoint is "to uncover evidence of ordinary criminal wrongdoing," the Fourth Amendment is violated. Edmond 531 U.S. at 42 ("We decline to suspend the usual requirement of individualized suspicion where the police seek to employ a checkpoint primarily for the ordinary enterprise of investigating crimes."). It goes without saying that a "random spot check" of vehicles that constitutes "standardless and unconstrained discretion" is similarly impermissible. Delaware v. Prouse, 440 U.S. 648, 661 (1979).

In the instant case, the alleged "safety compliance" checkpoint was unconstitutional because it did not fall within any of the very narrow exceptions to the individualized suspicion requirement for a seizure. Unlike the checkpoints in <u>Martinez-Fuerte</u> and <u>Sitz</u>, this checkpoint did not have any express purpose other than the general detection of illegal activity, which the Supreme Court clearly prohibited in <u>Edmond</u>. The police did not observe Mr. Hudson committing any violations of law when they pulled him over. They stopped him without any individualized suspicion whatsoever. Without a specifically tailored purpose other than generalized crime detection in place, this checkpoint was illegal. In addition to not having a permissible purpose, the checkpoint also did not have any specific standards or regulations detailing who the police were to pull over, how that was determined, or the procedures to be followed when the seizure occurred. Indeed, the officers themselves indicate they were merely on "routine patrol" when this alleged checkpoint stop was executed, hardly an indication that the checkpoint had any purpose other than general crime detection.

The seizure of Mr. Hudson's car was illegal because it was done without individualized suspicion and did not fall into any of the clearly defined exceptions for individual suspicion in the context of vehicle checkpoints. Because the seizure of the car was illegal, the ensuing arrest and search of Mr. Hudson was illegal, and all fruits of that search must be suppressed.

**II.  ALL STATEMENTS MADE BY MR. HUDSON ON MARCH 8, 2007, MUST BE SUPPRESSED BECAUSE THEY WERE INVOLUNTARY AND MADE IN VIOLATION OF <u>MIRANDA</u>.**

The government has alleged that Mr. Hudson made a statement after his arrest when he arrived at the police station. Before introducing any statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary. See <u>Lego v. Twomey</u>, 404 U.S. 477 (1972). The test for

voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear the defendant's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607. The Court must examine the defendant's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980). Here, the evidence at a hearing will show that any statements made by Mr. Hudson were made involuntarily and thus must be suppressed under the Fifth Amendment.

Even if the statements were made voluntarily, Miranda requires suppression of Mr. Hudson's statements during the government's case-in-chief because he was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his

situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

The government bears the heavy burden of establishing that proper Miranda warnings were given to the defendant and that an intelligent and voluntary waiver of those rights occurred prior to questioning of the defendant. Miranda, 384 U.S. at 475. As the Court recognized in Moran v. Burbine, 475 U.S. 412 (1986),

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

*Id*. at 421.

In the case at hand, Mr. Hudson was clearly in custody when he allegedly made a statement, as he was already at the police station. The actions of the police in eliciting a statement from Mr. Hudson at that time therefore constitute custodial interrogation, and the statement must be suppressed.

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Hudson requests that the Court suppress the drugs found upon the search of Mr. Hudson and all statements made by Mr. Hudson on March 8, 2007, along with any other evidence or statements obtained by the officers in violation of the Fourth and Fifth Amendments.

Mr. Hudson respectfully requests an evidentiary hearing on this motion.

                    Respectfully submitted,

                    A. J. KRAMER
                    Federal Public Defender


                    _____/s/_____
                    RITA BOSWORTH
                    Assistant Federal Public Defender
                    625 Indiana Avenue, N.W., Suite 550
                    Washington, DC  20004
                    (202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LEE OTIS HUDSON )<br>) | Criminal No. 07-082 (ESH) |

ORDER

Upon consideration of defendant's Motion to Suppress and the response thereto, it is this

\_\_\_\_\_ day of _____, 2007, hereby

**ORDERED** that the motion is **GRANTED** and that all the physical evidence and statements shall be suppressed.

_____
HONORABLE ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE