IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNTIED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | |
| LEE O. HUDSON : | CRIMINAL NO. 07-082 ESH)) |
| : | |
| Defendant. : | |

**UNITED STATES' NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609. In support of its Notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this Notice.

**Background**

1. On March 22, 2007, defendant Hudson was indicted for Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). for an incident that occurred on March 8, 2007.

2. On May 8, 1996, defendant Hudson was convicted of Unauthorized Use of a Motor Vehicle, in violation of the Criminal Code for the District of Columbia in case number F 4219-95 for which he was sentenced twenty months to 5 years in prison.

3. On or about June 19, 1998, the defendant Hudson was convicted of Assault with a Dangerous Weapon in the Eastern District of Virginia in case no. 98-78-02 for which he was sentenced to seventy month in prison followed by two years of supervised release.

4. Pursuant to Fed. R. Evid. 609(a)(1), the government seeks admission of the aforementioned convictions for impeachment purposes, should defendant Hudson choose to testify at trial.

### Fed. R. Evid. 609(a)(1) One Year Imprisonment Threshold Met

5. "[E]vidence that an accused has been convicted" of a crime punishable by more than one year of imprisonment "shall be admitted if the court determines that the probative value outweighs the prejudicial effect to the accused." Fed. R. Evid. 609(a)(1).

6. A certified copy of a conviction states that the defendant was convicted of Unauthorized Use of a Motor Vehicle, a crime punishable by more than one year of imprisonment. Indeed, the defendant was sentenced to 20 months to 5 years in prison. In addition, the defendant was convicted of ADW in the Eastern District of Virginia, a crime punishable by more than one year of imprisonment. For this crime the defendant was, in fact, sentenced to 70 months of incarceration followed by supervised release. Both of these crimes are punishable by more than one year and meets the one year threshold of Fed. R. Evid. 609(a)(1).

### Fed. R. Evid. 609(b) Temporal Restriction Requirement Met

7. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, Hudson served a sentence that expired less than ten years ago for the Unauthorized Use of a Motor Vehicle offense and the ADW offense for which he was convicted in the Eastern District of Virginia. Therefore, the timing of the convictions falls within the purview of Fed. R. Evid. 609(b).

## Prior Convictions are More Probative than Prejudicial

8. In evaluating whether the probative value of a conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit proscribed in Rule 609(b) are at least somewhat probative of the defendant's credibility.  United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc).  In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis.  Id. at 1051, 1073.

9. As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary."  United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted).  In Lewis, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act.  Id. at 943, 947.  The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, id. at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury.  Id. at 950.[1]

---

[1] To be sure, the court in Lewis acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that in this case the evidence of the conviction carried more probative value where the defendant had testified that he was not

10. Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendants in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the defendant testify in this case, the issue of their credibility will be a central issue for the jury. The probative value of the conviction in assessing that credibility, involving as it does a serious and recent offense, clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

---

knowledgeable about drug transactions. Id. at 951. Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice. While Lewis might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in Lipscomb commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test. Lipscomb, 702 F.2d at 1058, n.35 (en banc).

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar

By: _____
Angela Hart-Edwards
Assistant U.S. Attorney
PA Bar 61468
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4241
Washington, D.C. 20530
(202) 307-0031

**Certificate of Service**

I hereby certify that a copy of the Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609 was served by electronic filing on this 16th day of May, 2007.

_____
Angela Hart-Edwards
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNTIED STATES OF AMERICA    :
                            :
            v.              :
                            :
LEE O. HUDSON               :   CRIMINAL NO. 07-082 (ESH))
                            :
                            :
        Defendant.          :

ORDER

This matter comes before the Court on the Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609.

It is hereby ORDERED, this _____ day of _____, 2007, that the Government's Motion is GRANTED;

It is further ORDERED that felony convictions, including the name of offense charged and convicted in the Superior Court for the District of Columbia and the United States District Court for the Eastern District of Virginia with a criminal case numbers 1995 FEL 4219 and 98-78-02, respectively, are admitted for impeachment purposes in a trial of the defendant should he choose to testify.

_____
U.S. DISTRICT COURT JUDGE HUVELLE