IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 07-82 (ESH) |
| v. ) | |
| ) | |
| LEE HUDSON ) | |
| ) | |

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO USE DEFENDANT'S PRIOR CONVICTIONS FOR IMPEACHMENT

Mr. Lee Hudson, through undersigned counsel, respectfully opposes the Government's motion, pursuant to Federal Rule of Evidence 609, to use prior convictions to impeach Mr. Hudson should he choose to testify at trial.

### BACKGROUND

Mr. Hudson is charged, in a one-count indictment issued March 22, 2007, with Unlawful Possession with intent to distribute 50 g or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  On May 16, 2007, the government filed a notice indicating an intent to seek a 1996 conviction for "Unauthorized Use of a Motor Vehicle" and a 1998 conviction fo "Assault with a Dangerous Weapon" for impeachment purposes under Federal Rule of Evidence 609, should Mr. Hudson choose to testify at trial.  The government has not provided certified copies of these convictions or any statements regarding the factual basis for these convictions.

### ARGUMENT

Federal Rule of Evidence 609 provides:

> (a) General rule.  For the purpose of attacking the credibility of a witness,

>    (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
>    (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
>
>    (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determine, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Although the rule permits the use of prior felony convictions for the purpose of attacking the credibility of a witness, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike FED. R. EVID. 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite--that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact. See United States v. Lipscomb, 702 F.2d 1049, 1062 ("When the defendant is impeached by a prior conviction, the question of prejudice, as

Congress well knew, is not <u>if</u>, but how much."). The government presents no specific facts or reasons suggesting that these convictions are particularly probative of truthfulness in this case. All felonies have some probative value as to credibility, <u>see</u> <u>Lipscomb</u>, 702 F.2d at 1063 n.54, but this proposition is simply a starting point.

    The government has not provided certified copies of the alleged convictions or demonstrated that these were, in fact, felony convictions.[1] Moreover, the government has provided no proffer as to the circumstances or the alleged prior convictions nor any argument as to why the nature of the convictions alone demonstrates the probative value. Whatever probative value the defendant's prior convictions might have stems only from the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law. <u>Id</u>. at 1071. The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

    Informing the jurors of the nature of the prior convictions would significantly prejudice Mr. Hudson because there is a significant risk that the jury may infer from the fact of prior convictions that Mr. Hudson committed the offense at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the conviction would provide.

    The government has failed to meet its burden. The convictions should be excluded because their probative value does not outweigh the prejudicial effect that disclosing the nature of the convictions would provide.

---

[1] The government makes reference to a certified copy of the UUV conviction, but it has not provided a copy. It does not even purport to have a certified copy of the ADW conviction. See Gov't Mot. At 2, ¶ 6.

**CONCLUSION**

For the foregoing reasons, Mr. Hudson respectfully moves this honorable court to exclude the use of the evidence of the prior convictions proffered by the government.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
RITA B. BOSWORTH
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Cr. No. 07-82 (ESH) |
| v. ) | |
| ) | |
| **LEE HUDSON** ) | |
| ) | |

**ORDER**

Upon consideration of the Defendant's Opposition to the Government's Motion to Use Prior Convictions for Impeachment, it is this _____ day of _____ , 2007, hereby

**ORDERED** that the Government's motion is **DENIED** and that evidence of his prior convictions will be excluded from evidence at trial.

**SO ORDERED**.

_____
ELLEN SEGAL HUVELLE
UNITED STATES DISTRICT JUDGE