IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| ) | Cr. No. 07-82 (ESH) | |
| v. ) | | |
| ) | | |
| LEE HUDSON ) | | |
| ) | | |

**DEFENDANT'S PROPOSED STATEMENT OF THE CASE,
VOIR DIRE QUESTIONS, AND VERDICT FORM**

**Statement of the Case**

This case involves a single criminal charge against Lee Hudson. The charge is contained in an indictment, which is a formal accusation and is not itself evidence of any kind. At trial, the prosecution must prove the charge against Mr. Hudson beyond a reasonable doubt. Mr. Hudson has pleaded not guilty to the charge and, under the law, is presumed innocent.

The single charge against Mr. Hudson is that on March 8, 2007, within the District of Columbia, he knowingly possessed with intent to distribute 50 grams or more of cocaine base. Mr. Hudson denies that he possessed this these narcotics.

**Voir Dire**

Defendant, by and through undersigned counsel, hereby requests that in addition to the Court's usual voir dire, including without limitation the Ridley question, that the following questions also be asked of the panel:

1. Do any of you now have any opinion as to Mr. Hudson's guilt or innocence?

2. Do any of you believe that because Mr. Hudson was arrested and charged with a crime, that he is probably guilty of something?

3. Do you feel that you might have some difficulty presuming that Mr. Hudson is

        innocent of the charges against him in this case?

4. The government may call the following witnesses: (the government's witness list is read to the jury). Mr. Hudson is presumed innocent of the charges against him, and has no obligation to call any witnesses.

5. As residents of a major metropolitan area, many of us are concerned about drugs and about crime. As jurors in this case, you would be required to set aside your concerns and attitudes on general issues and decide this case independently and solely on the evidence and the instructions as the Court gives them to you. Do you feel that you might find that difficult?

6. Have you or anyone close to you had an unpleasant experience where drugs were involved?

7. Have you (or your close friends or relatives) been employed by any prison, jail, department of corrections, probation office, or parole agency?

8. Have you ever sat before on a criminal jury? If so, what kind of case was it and what verdict, if any, did the jury reach?

9. Is there anything about that experience–whether it involved the lawyers, the judge, the accused, the evidence, or your jury deliberations–that makes you feel that you would have trouble being fair and impartial, or that you believe would make it difficult for you to serve as a juror in this case?

10. Have any of you formed any opinions about either prosecutors or defense attorneys which would affect you in deciding this case?

11. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of

your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict. Would this be difficult to do?

12. Do you feel that you would tend to go along with the majority of jurors even if you did not agree just because you were in the minority?

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


/s/
_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208 7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
                         )
                         )        Cr. No. 07-82 (ESH)
         v.              )
                         )
LEE HUDSON               )
_____)

**VERDICT FORM**

We, the jury, find the defendant in the above-captioned case, Lee Hudson,


NOT GUILTY_____        GUILTY_____