IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNTIED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | |
| **LEE OTIS HUDSON** | : | **CRIMINAL NO. 07-082 (ESH)** |
| | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' PROPOSED STATEMENT OF CASE AND
JURY INSTRUCTION ON SUBSTANTIVE ELEMENT OF OFFENSE**

**Statement of Case**

On March 22, 2007, the defendant was charged, in a one count Indictment, with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation Title 21, United States Code, Sections 841 (a)(1) and 841 (b)(1)(A)(ii) as a result of events that occurred within the District of Columbia on March 8, 2007.  The government alleges that on March 8, 2007, members of the Metropolitan Police Department set up a safety compliance checkpoint at the intersection of 17th and D Streets, Northeast in the District of Columbia.  The defendant was placed under arrest at the checkpoint for driving with no permit, and search incident to arrest revealed 90 grams of crack cocaine from the defendant's person.  The defendant also handed 100 small zip lock bags to the officer asking the officer to get rid of the bags since he voluntarily gave the bags to the officer.

**Proposed Jury Instruction on the Elements of the Offense**

I.      <u>Unlawful Possession of a Controlled Substance with Intent to Distribute</u>

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

      1.    That the defendant possessed a controlled substance.

[*Read Instruction 3.08, Possession -- Defined, if necessary*.]

      2.    That the defendant possessed the controlled substance knowingly and intentionally.

This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

      3.    That when the defendant possessed the controlled substance s/he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

The law makes cocaine base, in a form known as crack cocaine, a controlled substance. You must decide whether the material was cocaine base in a form known as crack cocaine. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed with intent to distribute a detectable amount of cocaine base in a form known as crack cocaine.

The government is not required to prove that the defendant knew the precise type of controlled substance that he possessed. The government must prove beyond a reasonable doubt, however, that the defendant knew that he possessed some type of controlled substance.

## Aggravating Circumstances

(A)     Quantity (21 U.S.C. Section 841(b) )

1.      The possession with intent to distribute involved 50 grams or more of a substance or mixture containing a detectable amount of cocaine base, known as crack cocaine.

Your decision, if one of the drug quantity range has been proven, must be unanimous.

The verdict form also will ask you to decide whether the amount of cocaine base, also known as crack cocaine, was:

1.      More than 50 grams of mixtures and substances containing a detectable amount of cocaine base, also known as crack cocaine. If you are unable to find unanimously that the quantity of cocaine base exceeded 50 grams, then you should consider whether the drug quantity was;

2.      More than 5 grams but less than 50 grams of mixtures and substances containing a detectable amount of cocaine base, also known as crack cocaine. If you are unable to find unanimously that the quantity of cocaine base exceeded 5 grams but was less than 50 grams, then you should consider whether the drug quantity was:

3.      Less than 5 grams of mixtures and substances containing a detectable amount of cocaine base, also known as crack cocaine.

Your decision, if one of these drug quantity ranges has been proven beyond a reasonable doubt, must be unanimous.

II.  <u>Possession - defined</u>

There are two kinds of possession: actual and constructive. For this case, the Court will only define actual possession. A person has actual possession of something if he has direct physical control over it. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual possession of the object alone or with someone else.[1]

                                                                                              Respectfully submitted,

                                                                                              JEFFREY A. TAYLOR
                                                                                              United States Attorney
                                                                                              Bar No. 498610

By:     _____/s/_____
                Angela Hart-Edwards
                Assistant United States Attorney
                PA Bar #61468
                U.S. Attorney's Office
                555 4th Street, N.W., Rm. 44241
                      Washington, D.C. 20530
                (202) 307-0031

**Certificate of Service**

I hereby certify that a copy of the United States' Proposed Jury Instruction on Substantive Elements of Offense was served electronically upon counsel of record for defendant this 5th day of June, 2007.

                                                       _____
                                                       Angela Hart-Edwards
                                                     Assistant United States Attorney

---

[1] In cases where the evidence shows only actual possession, the Committee recommends that Instruction 3.08 not be read. At most, it is suggested, the judge would read only the definition of actual possession.